UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| EMMA J. BITNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-1255 |
| | ) |
| SECURITAS SECURITY SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

On March 3, 2011, a Report & Recommendation was filed by Magistrate Judge Byron G. Cudmore in the above captioned case. More than ten (10) days have elapsed since the filing of the Report & Recommendation, and no objections have been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Lockert v. Faulkner, 843 F.2d 1015 (7th Cir. 1988); and Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). As the parties failed to present timely objections, any such objections have been waived. Id.

The relevant procedural history is sufficiently set forth in the comprehensive Report & Recommendation of the Magistrate Judge. Suffice it to say that Plaintiff has brought this litigation alleging that she was the victim of sexual discrimination, harassment, and retaliation in the workplace. Defendant moved to dismiss the Complaint, arguing that Plaintiff failed to timely exhaust her harassment claims. The Court concurs with the Magistrate Judge's detailed discussion and recommendation that the Complaint states timely claims for sexual discrimination, harassment, and retaliation.

Defendant further contends that Plaintiff fails to state a claim upon which relief can be granted with respect to her hostile work environment claim as she does not alleged sufficiently severe or pervasive misconduct. However, the Court agrees with the Magistrate Judge that determinations of severity and pervasiveness are more properly resolved on a more complete factual record at summary judgment. Plaintiff has made sufficient allegations of sexually harassing behavior and retaliation to survive the requirement that her Complaint place Defendant on notice of the claims being asserted against it to allow Defendant to formulate a defense.

Finally, Defendants seek dismissal of Plaintiff's sexual discrimination claims on the grounds that she does not allege that similarly situated employees outside of the protected class were treated more favorably. The Magistrate Judge correctly notes that Defendant has confused Plaintiff's burden in surviving summary judgment with her burden in surviving a motion to dismiss. Evidentiary burdens simply do not apply at the notice pleading stage. Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 510-11 (2002).

Accordingly, the Court now adopts the Report & Recommendation [#9] of the Magistrate Judge in its entirety. Defendant's Motion to Dismiss, For Judgment on the Pleadings, and/or For More Definite Statement [#6] is DENIED. This matter is again REFERRED to Magistrate Judge Cudmore for further proceedings.

ENTERED this 23rd day of March, 2011.

                                        s/ James E. Shadid
                                        James E. Shadid
                                        United States District Judge